*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN BULLER,

      Plaintiff-Appellant,

v

EMMETT CHARTER TOWNSHIP,

      Defendant-Appellee.

UNPUBLISHED
June 24, 2021

No. 352358
Calhoun Circuit Court
LC No. 2018-002929-NZ

Before: SHAPIRO, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Plaintiff Steven Buller appeals as of right the trial court's order granting summary disposition in favor of defendant Emmett Charter Township. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

In 1996, plaintiff was hired as the Township's building inspector, mechanical inspector and plan reviewer. Plaintiff asserts that his work for the Township developed such that he became the de facto "building official," as defined by the Stille-DeRossett-Hale Single State Construction Code Act (CCA), MCL 125.1501 *et seq.*, even though he was never formally named to that position.

From 1996 until 2014, plaintiff was treated as a part-time Township employee. The Township issued him a W-2 for tax purposes, paid the employer share under the Federal Insurance Contributions Act, and provided unemployment and worker's compensation insurance. He was, however, paid on a fee basis, i.e., he received a percentage of the fees paid to the Township for the inspections, plan review and other services he performed.[1] In 2014, the Township's Board of Trustees voted to change the arrangement such that inspectors, including plaintiff, would instead

---

[1] While working for Emmett Township, plaintiff also worked for the city of Battle Creek, the city of Springfield, and Convis Township.

be treated as independent contractors and issued 1099 income tax forms rather than W-2s. At the time that decision was made, plaintiff was a member of the Board and voted to approve the change.

In October 2018, plaintiff brought the instant suit. An amended complaint alleged that plaintiff was required to work greater than 35 hours per week for the Township, which made him a full-time employee under the Township's employee manual and entitled him to fringe benefits such as health insurance, vacation pay, life insurance, sick days and personal days. Plaintiff sought recovery of the economic value of those benefits through various causes of actions, namely, "violation of employment policies," common law and statutory conversion,[2] unjust enrichment, fraud and a claim under 42 USC 1983 alleging an unlawful deprivation of property rights. Plaintiff also alleged that he had a right to receive contributions from the Township toward a Michigan Municipal Employee Retirement System (MERS) pension starting in 1996 and brought a claim alleging violation of constitutionally protected pension rights. See Const 1963, art 9, § 24. Plaintiff also sought a declaratory action that his classification as an independent contractor violated federal law, including the Internal Revenue Code.

The Township moved for summary disposition on each count in plaintiff's complaint under MCR 2.116(C)(4) (jurisdiction), (C)(7) (immunity), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact). The Township argued, in part, that it is not bound by the employee handbook and that even if it were, plaintiff has never been scheduled to work more than 35 hours per week and so never qualified for benefits. The Township also argued that plaintiff did not qualify for a pension because he was wholly paid on a fee basis and that the trial court lacked jurisdiction to issue a declaratory judgment on whether plaintiff's classification as an independent contractor violated the Internal Revenue Code.

Plaintiff filed a response brief and moved for summary disposition under MCR 2.116(C)(9) (failure to state a defense) and for partial summary disposition under MCR 2.116(C)(10) on the ground that there was not a genuine issue of material fact that he had been the Township's building official.

After hearing oral argument, the trial court granted the Township's motion for summary disposition. The court stated in part: "[I]t's very clear to me that [plaintiff] is and has been an independent contractor, that he's held himself out as such. It was a fee basis situation throughout the time of his contact and his association with Emmett Township." Given its ruling, the trial court declined to hear plaintiff's motion for summary disposition.

II. ANALYSIS

---

[2] At oral argument before this Court, plaintiff conceded that his conversion claims are barred by governmental immunity under MCR 2.116(C)(7). Accordingly, we will not discuss those claims.

Plaintiff argues that the trial court erred by granting the Township's motion for summary disposition. We disagree.[3]

By ordinance, the Township has assumed responsibility for the administration and enforcement of the CCA. See MCL 125.1508b(1). The CCA defines the term "building official" as "an individual *who is employed* by a governmental subdivision and is charged with the administration and enforcement of the code and who is registered in compliance with article 10 of the skilled trades regulation act . . . ." MCL 125.1502a(1)(i) (emphasis added). Given this statutory language, plaintiff first argues that the Township's building official must be an employee of the Township. The Township does not argue otherwise, but maintains that plaintiff is not the Township's building official, as he was never formally appointed to that position.

We agree with plaintiff that there is a question of fact whether he is the Township's building official given the scope of his work for the Township and the testimony of the Township's zoning administrator that she considers plaintiff to be the building official. We further conclude that, viewing the evidence a light most favorable to plaintiff, there is a question of fact of whether he is an employee of the Township under the economic reality test.

However, whether or not plaintiff is in fact the Township's building official or employee, we find no merit to his claims. Simply being "employed" by the Township does not by itself provide plaintiff with a right to a pension and fringe benefits. Beginning with the pension, the MERS plan document provides that an individual paid on a fee basis is not qualified to participate.[4] Specifically, the document defines a "municipal employee" as an individual who is paid compensation for personal services rendered to a participating municipality. However, the definition exempts "[a]n individual, except a county elected official, who is wholly paid on a fee basis." It is uncontested that plaintiff has always been paid on a fee basis regardless of whether he was issued a W-2 or a 1099. Indeed, plaintiff does not argue that he should have been paid on an hourly or salaried basis.

---

[3] We review de novo a grant of summary disposition pursuant. See *Henderson v State Farm Fire and Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999). A trial court may grant a motion for summary disposition under MCR 2.116(C)(8) on the ground that "[t]he opposing party has failed to state a claim on which relief can be granted." A party is entitled to summary disposition under MCR 2.116(C)(10) when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgement or partial judgment as a matter of law." A trial court may also grant a motion for summary disposition pursuant to MCR 2.116(C)(4) on the ground that it "lacks jurisdiction of the subject matter."

[4] Whether plaintiff is properly classified as an independent contractor is not controlled by terms of the MERS plan or the employee manual. See *Duckworth v Cherokee Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347865); slip op at 7 n 7 ("[T]he employer's unilateral characterization of the relationship is not controlling."). However, the substantive definitions in those documents control whether plaintiff had a right to participate in the plan or receive fringe benefits.

Because there is no question of fact that plaintiff is paid on a fee basis, he is not eligible for the MERS pension and so his claim that the Township committed a constitutional violation by denying him a pension fails as a matter of law.

Next, plaintiff's claim for benefits as a full-time employee is based upon language in the Township's employee manual, which provides that "[f]ull-time employees are entitled to full fringe benefits." Despite the fact that no evidence has been introduced that plaintiff's duties—whether as a building inspector or building official—require 35 or more hours per week, plaintiff has proffered testimony from the zoning administrator (a full-time employee) that plaintiff is at the Township offices more than she is and that she "assumes it exceeds 35 hours." However, the handbook, which is plaintiff's sole basis for asserting that he is full time, does not say that anyone who works more than 35 hours is a full-time employee. Rather, it provides that a full-time employee who is not salaried must be "hired as full time and . . . normally scheduled to work 35 hours or more per week."[5] Plaintiff is not salaried and there is no proof that he was ever, let alone that he was "normally scheduled" to work 35 or more hours per week for the township.

Since there is no question of fact that plaintiff is not a full-time employee as defined in the handbook, we find no basis for his claim to full-time employee benefits and his causes of action based upon it must fail. Specifically, plaintiff's claim of violation of employment policies fails because, even if he is in fact a Township employee, he is not entitled to full-time benefits under the terms of the employee manual.[6] Similarly, the Township has not been unjustly enriched when plaintiff was not entitled to the fringe benefits under the terms of the manual. Further, plaintiff has not established a property right to a pension or fringe benefits and so his 42 USC 1983 claim alleging an unlawful deprivation of property is also without merit.

Summary disposition of plaintiff's fraud claim was also warranted. Plaintiff alleges that he was assured several times by the Township or its agents that he was an employee and that they

---

[5] The quoted language is found in the Township's employee manual that has been in effect since July 13, 2017. In response to the Township's motion for summary disposition, plaintiff provided the manual that he contended had been in effect since October 15, 1996 until July 13, 2017, even though the manual did not contain an effective date. In any event, this manual similarly provided that a "permanent full-time employee" was an employee who was "scheduled to work the standard work week of a department," and that a standard work week was 35 hours over five days.

[6] The Township also argued, and the trial court agreed, that the employee manual was not an enforceable contract. While we agree that employee manuals generally do not constitute a binding employment contract, we are skeptical of the Township's suggestion that, even if plaintiff was a full-time employee, it could deny him the corresponding benefits and plaintiff would have no recourse because the manual is nonbinding. Because we conclude that plaintiff was not a full-time employee, we need not decide this issue. We note, however, that the Supreme Court has indicated that employers may not selectively apply policies. See *Renny v Port Huron Hosp*, 427 Mich 415, 429; 398 NW2d 327 (1986) ("Where an employer has informed employees that personnel policies are subject to unilateral changes by the employer, the employee has no legitimate expectation that any particular policy will remain in force. However, it is reasonable for employees to expect that policies in force at any given time will be applied uniformly to all.").

told him what benefits employees, like himself, are supposed to receive. Plaintiff fails to explain, however, how he relied on those statements and what injury he suffered as a result. See *Lucas v Awaad*, 299 Mich App 345, 363; 830 NW2d 141 (2013). It is undisputed that plaintiff worked for the Township for over 20 years without receiving the benefits he now seeks. And he does not claim that he continued working for the Township all this time on the expectation that the Township would one day provide him the benefits that he claims to have been promised.

Finally, the trial court did not err by granting summary disposition of plaintiff's request for a declaratory judgment that he has been misclassified as an independent contractor in violation of federal law. Before the trial court, plaintiff did not dispute the federal caselaw cited by the Township that the question whether a worker is an employee or independent contractor for federal tax purposes must be decided through the administrative procedures provided for by the IRS or through a suit for a refund of taxes under 28 USC 1346. See *McDonald v Southern Farm Bureau Life Ins Co*, 291 F3d 718, 725-726 (CA 11, 2002). Indeed, plaintiff's counsel apparently conceded this point at the motion hearing, and he does not address this issue on appeal. Accordingly, we conclude that he has effectively abandoned his claim for declaratory relief.

Affirmed.


/s/ Douglas B. Shapiro
/s/ Kathleen Jansen
/s/ Jane M. Beckering